S. Samuel Di Falco, S.
During the lifetime of the income beneficiary of the trust here accounted for she permitted income to be advanced for the payment of principal charges for the reason that the sole asset of the trust was a parcel of real property and principal cash was nonexistent. The trust terminated upon the death of the beneficiary and her administrator is demanding repayment of these advances but the remainder-men ask that they be permitted to make repayment from the future income of the property and, to permit this, a liquidation of the property be postponed until such time as the remainder-men shall deem appropriate. The advantages to the remaindermen in the plan they suggest are obvious but lacking the consent which in the beneficiary’s lifetime permitted income to assume principal charges, there is no basis for denying payment of the amount concededly due. Were this court to make no direction as to a sale, it still would be necessary to make an adjudication as to the indebtedness to the estate of the beneficiary and any decree so made could be enforced against the real property. While title to the real property has vested in the remaindermen (Matter of Miller, 257 N. Y. 349), the will granted a power of sale which may be exercised by the trustee (Matter of Jones, 306 N. Y. 197) and in the event the remaindermen are not prepared to reimburse the income beneficiary’s estate from their personal resources, a sale of the real property should be had and the decree herein will so direct.
The proof establishes that the income beneficiary consented that these advances be repaid to her without interest and, accordingly, interest is disallowed. Of course interest will run from the date of the decree herein which will direct repayment to the beneficiary’s estate.
The representative of the income beneficiary’s estate has objected to commissions payable from principal and, by reason of the obligation of principal for the advances, the objectant is concerned in principal. The following rulings are made because of the objections and for the guidance of the trustee in the preparation of a decree: principal receiving commissions are to be adjusted pursuant to paragraph (c) of subdivision 9 of *363 section 285-a of the Surrogate’s Court Act; principal commissions are disallowed upon the advances to principal and annual principal commissions are to be computed on the equity in the realty after deduction of the mortgage lien.
Objection I to the account was withdrawn at the hearing; objection II was satisfied by an amendment of the account at the hearing; objection III is sustained to the extent above indicated, as is objection Y; and objection IY is dismissed.
Submit decree on notice.